Argued at Pendleton October 29, affirmed December 17, 1918.

## ALDER SLOPE DITCH CO. v. MOONSHINE DITCH CO.

(176 Pac. 593.)

**Corporations—Classes—"De Jure Corporations"—"De Facto Corporations."**

1. As to ability to transact business, corporations may be divided into *"de jure* corporations," with organization entirely and legally perfected, *"de facto* corporations," where there has been a *bona fide* attempt to organize, and a user of corporate powers, with a defective organization, and corporations not sufficiently organized, to come within the latter class.

**Waters and Watercourses—Irrigation—De Facto Corporations—What Constitutes.**

2. A ditch company, a *bona fide* attempt to organize which has been made under an existing law, which has actually used its corporate powers by appointing a secretary and filing notices to initiate water rights, is a *de facto* corporation.

**Waters and Watercourses — Irrigation Company — Acts of Officers— Ratification.**

3. Where a *de facto* ditch company followed a notice to initiate a water right given by its secretary, by construction of an irrigation system and user of water therein, the act of the secretary was ratified, even if merely that of a promoter.

90 Or.—25

Corporations—De Facto Corporations—Collateral Attack.
    4.  The legality of a corporation *de facto* cannot be inquired into collaterally unless on attack by the state.
        [As to what constitutes a *de facto* corporation, see note in 118 Am. St. Rep. 253.]

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.

This is a contest over water rights in connection with the adjudication of the waters of Hurricane Creek, a tributary of the Wallowa River. The facts are in the main stipulated between the parties. On the 28th of November, 1901, three persons met for the purpose of organizing the Moonshine Ditch Company as a corporation. On said day they signed articles of incorporation in triplicate, established their main office and filed a copy of said articles with the county clerk of Wallowa County on the twenty-ninth day of November, 1901, and another copy of the articles in the office of the secretary of the corporation at Joseph, and forwarded the third set of the articles to the Secretary of State at Salem. These articles were not officially filed at Salem until the fourth day of December, 1901. On November 28, 1901, the incorporators appointed G. L. Cole, one of their number, as secretary and agent of the company, and on the morning of November 30, 1901, at 8 o'clock A. M. said secretary caused a notice to be posted on Hurricane Creek for and on behalf of The Moonshine Ditch Company for the purpose of initiating an appropriation of the water from said creek; that after the fourth day of December, 1901, said corporation was fully organized, and on May 5, 1902, commenced the construction of a ditch and diverted the water of Hurricane Creek and put the same to use. On November 25, 1901, The Alder Slope Ditch Company was a fully organized corporation, and on November 30, 1901, at 4 o'clock P. M. said corporation

posted a notice on Hurricane Creek to initiate a water right thereon, and during the spring of 1902 said Alder Slope Ditch Company constructed a ditch and made a beneficial use of the water of said Hurricane Creek. Both corporations file their claims before the State Water Board in order to determine the priority and amount they were entitled to. The water board determined The Moonshine Ditch Company was entitled to priority over the Alder Slope Ditch Company. The latter company procured an appeal to the Circuit Court of Wallowa County and the determination of the state water board was affirmed, from which decree plaintiff appeals.                                      AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. James A. Burleigh.*

For respondent there was a brief and an oral argument by *Mr. A. W. Schaupp.*

OLSON, J.—1. There is but a single point to be decided in this case, viz.: Was the Moonshine Ditch Company sufficiently organized at 8 o'clock on November 30, 1901, to initiate a water right? As to ability to transact business, corporations may be divided into three classes. First, *de jure* corporations, or those where the organization is entirely and legally perfected. Second, *de facto* corporations where there has been a *bona fide* attempt to organize a corporation and a user of corporate powers, but the organization is defective. Third, corporations not sufficiently organized to come within the latter class.

2–4. It is apparent from the statement of facts that the Moonshine Ditch Company falls in the class of *de facto* corporations and within the rule laid down in *Splonskofsky* v. *Minto,* 62 Or. 560 (126 Pac. 15). We

have clearly in this case a law under which the corporation could be organized, a *bona fide* attempt to organize a corporation, and an actual use of corporate powers. It was an act of using corporate powers to appoint G. W. Cole as secretary and agent of the corporation. The filing of a notice to initiate a water right, which was made in the name of the corporation, is a user of corporate powers. The act of G. W. Cole as secretary and agent in the making and filing of the notice in the name of the corporation, even if considered as the act of a promoter, was ratified by the corporation by following up said notice by the construction of an irrigation system and user of water therein, and their claim before the water board on the water rights so initiated. The act has been plainly ratified: *Schreyer* v. *Turner Flouring Mills,* 29 Or. 1 (43 Pac. 719). Having established the Moonshine Ditch Company as a corporation *de facto* it is a settled law in this state that the legality of its existence cannot be inquired into collaterally. A direct attack may be made by the state, and in certain circumstances a direct attack may be made by individuals, but no collateral attack as attempted in this case will lie: *Marsters* v. *Umpqua Oil Co.,* 49 Or. 374 (90 Pac. 151, 12 L. R. A. (N. S.) 825); *Leavengood* v. *McGee,* 50 Or. 233 (91 Pac. 453); *Brown* v. *Webb,* 60 Or. 526 (120 Pac. 387).

The above cases definitely settle the law of the State of Oregon to the effect that a corporation *de facto* cannot be collaterally attacked as to the regularity of its organization by any party other than the State of Oregon. The lower court is affirmed.     AFFIRMED.

HARRIS, J., absent.