942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HOLBROOK UNIFIED SCHOOL DISTRICT NO. 3 OF NAVAJO COUNTY, a
political subdivision of the State of Arizona, Myron
Maxwell, Claudia Maestes, Thava Freedman, Maynord Davenport,
Francis Brissey, individually, and as members of the Board
of Holbrook Unified School District, Plaintiffs-Appellants,
v.
CALIFORNIA INSURANCE COMPANY, a California corporation,
Defendant-Appellee.
 No. 90-15123.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1991.
Decided Aug. 22, 1991.
 
 Before HUG, POOLE and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Holbrook Unified School District No. 3 ("Holbrook") appeals the district court's granting of summary judgment in favor of California Insurance Company ("CIC") on Holbrook's action for breach of an insurance contract and bad faith. Holbrook contends the district court erred by concluding that Holbrook was not entitled to coverage under a CIC insurance policy for attorneys' fees, costs, and expenses it incurred in defending a lawsuit (the "Clark action") alleging that Holbrook had discriminated against Native Americans in its process of electing members to the school board, in violation of the Voting Rights Act of 1965 (42 U.S.C. § 1973). We affirm.
 
 
 3
 Arizona law requires the following rules of construction to be applied in interpreting insurance contracts:
 
 
 4
 [A]mbiguous terms in a contract of insurance are to be strictly construed in favor of the insured and coverage, and against the insurer. In this context, if an insurer wishes to limit its liability, it must employ language in the policy which clearly and distinctly communicates to the insured the nature of the limitation. The principle of strict construction applies, however, only after the contested language of the policy has been determined to be ambiguous.... An ambiguity exists when the language of the policy is unclear and could be construed in more than one sense.
 
 
 5
 Roberts v. State Farm Fire & Cas. Co., 146 Ariz. 284, ----, 705 P.2d 1335, 1336-37 (1985) (en banc) (citations omitted). In general, insurance contracts are construed "to protect the reasonable expectations of the insured." Phoenix Control Systems v. Ins. Co. of N. Am., 165 Ariz. 31, ----, 796 P.2d 463, 466 (1990) (en banc).
 
 
 6
 In addition, an insurance policy is required to be construed from a layman's perspective for its "plain and ordinary meaning," and "must be read as a whole in order to give a reasonable and harmonious meaning and effect to all of its provisions." Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, ----, ----, 647 P.2d 1127, 1132, 1134 (en banc), cert. denied, 459 U.S. 1070 (1982) (citation omitted). Significantly, the Arizona Supreme Court has recently noted, in a decision holding that certain insurers were not liable for punitive damages in automobile insurance policies, that "when a question of interpretation arises, we are not compelled in every case of apparent ambiguity to blindly follow the interpretation least favorable to the insurer." State Farm Mut. Auto. Ins. Co. v. Wilson, 162 Ariz. 251, ----, ----, 782 P.2d 727, 733, 736 (1989) (en banc). Instead, "the rule in Arizona is that ... a clause subject to different interpretations [is construed] by examining the language of the clause, public policy considerations, and the purpose of the transaction as a whole." Id. at __, 782 P.2d at 733 (citation omitted).
 
 
 7
 In applying these rules of construction under Arizona law, we hold that the district court properly upheld CIC's denial of coverage under the CIC policy.
 
 A.
 Coverage I
 
 8
 The "Coverage I" provision of the CIC policy provides, in relevant part, as follows:
 
 
 9
 COVERAGE I. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed by law, or the liability of others assumed or retained under contract for damages, including damages ... because of personal injury....
 
 
 10
 (Emphasis added). "Personal injury" is defined in the policy, in relevant part, as "injury because of ... [r]acial ... discrimination...."
 
 
 11
 Holbrook contends it is entitled to coverage because the liability it incurred as a result of defending the Clark action falls within the scope of the term "damages" as that term is used but not expressly defined in the policy. We disagree with Holbrook's interpretation of the scope of the term "damages."
 
 
 12
 Arizona law has not addressed the extent of an insured's coverage, under a policy's "damages" clause, for liability incurred for defending a solely equitable action that does not seek monetary damages as a form of relief. Consequently, we must predict how the Arizona courts would resolve this issue in order to determine the scope of coverage under the CIC policy. See Air-Sea Forwarders, Inc. v. Air Asia Co., 880 F.2d 176, 186 (9th Cir.1989), cert. denied, 110 S.Ct. 868 (1990). In doing so, "we may draw upon recognized legal sources including statutes, treatises, restatements, and published opinions, ... [and] may also look to well-reasoned decisions from other jurisdictions." Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 708 (9th Cir.1990) (citations and internal quotations omitted).
 
 
 13
 We begin by examining the Arizona courts' definition of the term "damages" as that term is used generally. The Arizona Supreme Court has noted that "[t]he most common meaning of damages is compensation for actual injury." Downs v. Sulphur Springs Valley Elec. Coop., Inc., 80 Ariz. 286, ----, 297 P.2d 339, 343 (1956). The Arizona Supreme Court has also defined "damages" as "indemnity recoverable by a person who has sustained an injury," which includes "sums recoverable in an action for money had and received, ... as well as compensation for a tort or breach of contract." Rice v. Sanger Bros. 27 Ariz. 15, ----, 229 P. 397, 399-400 (1924) (citation omitted) (emphasis added).
 
 
 14
 A limitation on the scope of coverage to suits claiming monetary damages has been recognized in decisions from other jurisdictions. See, e.g., Jones v. Farm Bureau Mut. Ins. Co., 172 Mich.App. 24, ----, 431 N.W.2d 242, 245 (1988) (use of word "damages" precludes policy coverage for suits seeking only injunctive relief or costs or attorney's fees); Maryland Casualty Co. v. Armco, Inc., 822 F.2d 1348, 1350 (4th Cir.1987) (liability incurred from suit claiming solely equitable relief does not constitute claim for "damages" under policy), cert. denied, 484 U.S. 1008 (1988); Ladd Constr. Co. v. Ins. Co. of N. Am., 73 Ill.App.3d 43, ----, 391 N.E.2d 568, 570-73 (1979 (same); Aetna Cas. & Surety Co. v. Hanna, 224 F.2d 499, 503 (5th Cir.1955) (same as interpreted under Florida law); accord Desrochers v. New York Casualty Co., 99 N.H. 129, ----, 106 A.2d 196, 198 (1954). We are persuaded that the scope of coverage is limited to suits for pecuniary damages suffered by a third party as a result of the insured's conduct, not to monetary expenditures for legal costs in defending suits for equitable relief.
 
 
 15
 Holbrook nevertheless contends it is entitled to coverage under the policy's "Coverage I" provision because the limiting term "for damages" as it appears in this provision modifies only its immediate antecedent; namely, the clause which mandates coverage for "the liability of others assumed or retained under contract." Thus, according to Holbrook, only coverage for liability incurred by third parties with which it has contracted is limited to liability "for damages," whereas any liability it has incurred itself pursuant to the first "liability imposed by law" antecedent is within the policy's coverage even though it does not involve a claim for monetary damages.
 
 
 16
 We acknowledge that whether the "for damages" clause in this provision is intended to modify its immediate antecedent or both antecedents appears, in isolation, to be susceptible to two separate interpretations. As a result, its interpretation appears ambiguous, potentially requiring it to be construed in favor of Holbrook's position that coverage is not limited only to claims seeking monetary damages. See Roberts, 146 Ariz. at ----, 705 P.2d at 1336-37. A reading of the provision in conjunction with the policy "as a whole in order to give a reasonable harmonious meaning," however, leads us to a contrary conclusion. See Sparks, 132 Ariz. at ----, 647 P.2d at 1134.
 
 
 17
 Holbrook's interpretation of this policy language is inconsistent with other applicable provisions of the policy. For example, the policy's duty to defend provision requires CIC to "defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent...." (Emphasis added). Thus, pursuant to this provision as well as under Arizona law, CIC's duty to defend is at least commensurate with, and is in fact greater than, the extent of its obligation to provide coverage. See, e.g., United Serv. Auto. Ass'n v. Morris, 154 Ariz. 113, ----, 741 P.2d 246, 250 (1987) (en banc). At the same time, however, CIC's duty to defend is expressly limited to suits that seek "damages" as a form of relief. We have previously held that "damages" under the policy are limited strictly to monetary-type damages. Under Holbrook's interpretation of the "Coverage I" provision, however, CIC's duty to defend would not arise in suits, such as the one involved here, that seek solely equitable relief. It would be an anomalous construction that would find coverage where there is no duty to defend.
 
 
 18
 Nor are we persuaded that recent Arizona law supports the interpretation sought by Holbrook in this case. It is true that "[t]he last antecedent rule ... requires that a qualifying phrase be applied to the word or phrase immediately preceding as long as there is no contrary intent indicated." Phoenix Control, 165 Ariz. at ----, 796 P.2d at 466 (citations omitted). It is also true, however, that "[t]he last antecedent rule is not inflexible and it will not be applied where the context or clear meaning of a word or phrase requires otherwise." Id.
 
 
 19
 In Phoenix Control, the insured was sued for copyright infringement and sought coverage under an insurance policy which provided coverage for "[a]ny infringement of copyright or improper or unlawful use of slogans in your advertising." Id. at ----, 796 P.2d at 465 (emphasis in original). The insurer denied coverage on the grounds that the limiting phrase "in your advertising" modified suits for both copyright infringement and for "improper or unlawful use of slogans." In rejecting the insurer's asserted grounds for denying coverage, the Arizona Supreme Court applied the last antecedent rule by construing the term "in your advertising" as only modifying the phrase "improper or unlawful use of slogans," and therefore held that coverage was improperly denied on the grounds, asserted by the insurer, that the underlying copyright infringement suit did not involve the insured's advertising. Id. at __, 796 P.2d at 466.
 
 
 20
 In this case, we have previously noted why limiting the "for damages" clause solely to suits arising from third-party contracts would produce the anomalous result of providing coverage for an insured's defense of a lawsuit seeking nonmonetary relief while simultaneously precluding the insurer's duty to defend. This is in contrast to Phoenix Control where the insured, a company involved in designing and selling industrial automated control systems, including computer programs, "could reasonably expect that all forms of copyright infringement would be covered." Id. at __, __, 796 P.2d at 464, 466.
 
 B.
 Coverage II
 
 21
 Alternatively, Holbrook contends it is entitled to coverage under the "Coverage II" provision of the CIC policy which provides, in relevant part, as follows:
 
 
 22
 COVERAGE II. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay (insofar as coverage is not afforded under Coverage I) on account of any claim for breach of duty made against the insured by reason of the occurrence of any negligent act, error or omission of the insured....
 
 
 23
 (Emphasis added). Relying on a case decided by the Oregon Court of Appeals, Holbrook argues that the allegations of racial discrimination contained in the underlying Clark action constitute a discrimination claim for disparate impact that does not require a showing of discriminatory intent. According to Holbrook, this claim thereby creates a duty to defend on the part of CIC under its coverage for claims based on "any negligent act, error or omission of the insured...." (Emphasis added). See School Dist. No. 1, Multonomah County v. Mission Ins. Co., 58 Or.App. 692, ----, 650 P.2d 929, 935-36 (1982), review denied, 294 Or. 682, 662 P.2d 725 (1983).
 
 
 24
 It is well-established, however, that this court will generally not consider issues not raised before the district court. Wind Power Sys., Inc. v. Cannon Fin. Group, Inc. (In re Wind Power Systems, Inc.), 841 F.2d 288, 290 n. 1 (9th Cir.1988); Romain v. Shear, 799 F.2d 1416, 1419 (9th Cir.1986) (per curiam), cert. denied, 481 U.S. 1050 (1987); Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985); United States v. Greger, 716 F.2d 1275, 1277 (9th Cir.1983), cert. denied, 465 U.S. 1007 (1984). Here, Holbrook's motion for summary judgment asserted coverage solely under the "Coverage I" provision of the policy. Indeed, it was CIC, in its response to the motion and cross-motion for summary judgment, who initially indicated that insurance was available under "Coverage II," but only for negligent conduct. Specifically, CIC responded to Holbrook's motion as follows:
 
 
 25
 Under COVERAGE II, CIC agreed to insure the Plaintiffs against claims brought against them for their negligent conduct. As the Clark complaint alleged intentional conduct by the Plaintiffs ("official, purposeful discrimination") and not negligent conduct, COVERAGE II had no application to the Clark suit, and consequently has no application to the case at bar--a point apparently conceded by Plaintiffs, who argue for coverage only under COVERAGE I.
 
 
 26
 (Emphasis in original.)
 
 
 27
 In Holbrook's reply to the response and opposition to the cross-motion, Holbrook argued, for the first time, that it was entitled to coverage under "Coverage II," but only based upon the clause that provides for coverage "insofar as coverage is not afforded under Coverage I...." Thus, while Holbrook was clearly alerted to the express limitation in "Coverage II" that limited coverage to negligent conduct, and was apprised of CIC's position that "Coverage II" precluded insurance because the Clark complaint alleged intentional conduct, Holbrook nevertheless failed to address this argument or cite any applicable authorities before the district court. Under these circumstances, we decline to exercise our discretion to consider the issue for the first time on appeal.
 
 C.
 Attorneys' Fees
 
 28
 Arizona law affords discretion to the court to award reasonable attorneys' fees to the successful party. A.R.S. § 12-341.01(A). Although we affirm the district court's judgment that coverage was properly denied, we decline to exercise our discretion to award CIC its reasonable attorneys' fees. CIC's request is therefore DENIED.
 
 
 29
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3