JONES v FARM BUREAU MUTUAL INSURANCE COMPANY

Docket No. 96749. Submitted November 5, 1987, at Grand Rapids. Decided October 4, 1988.

Timothy Jones and others owned a hog farm near the Village of Mendon and were insured under a farmowner's policy issued by Farm Bureau Mutual Insurance Company. Under the policy, Farm Bureau was to pay all sums which the insureds might become legally obligated to pay as damages for accidental bodily injury or property damage arising from farming operations, and Farm Bureau had a duty to defend the insureds against any suit seeking such damages. When Farm Bureau refused to defend the insureds in a suit brought by the Village of Mendon to permanently enjoin the operation of the hog farm, a suit which the village successfully prosecuted and received costs and attorney fees therefor, Jones and his co-owners brought an action against Farm Bureau in the St. Joseph Circuit Court. Plaintiffs alleged that defendant's refusal to defend plaintiffs was in breach of the insurance contract. The trial court, James Noecker, J., granted summary disposition in favor of defendant, ruling that defendant was not under a duty to defend plaintiffs in the suit brought by the village. Plaintiffs appealed.

The Court of Appeals held:

Under the clear and unambiguous terms of the insurance policy, defendant's duty to defend its insureds extended only to suits seeking damages for accidental bodily injury or property damage. Here, there were no allegations that the nuisance conditions which gave rise to the village's suit were accidental in nature and the village sought no damages for bodily injury or property damage but only injunctive relief to abate the nuisance.

Affirmed.

1. INSURANCE — AMBIGUITIES — JUDICIAL CONSTRUCTION — EXTRINSIC EVIDENCE.

The question of whether language in an insurance contract is

REFERENCES
Am Jur 2d, Insurance §§ 269 *et seq.*, 711, 727.
Farmowner's liability insurance risks and coverage. 93 ALR3d 472.

ambiguous is a question for the court to decide; in deciding whether an ambiguity exists, the court may consider extrinsic facts.

2. Insurance — Judicial Construction.

The language contained in an insurance contract is to be construed with reference to the parties' relations and the type of property insured; courts will look to the language used and the context to determine the purpose sought to be achieved; the contract language will be given its ordinary and plain meaning, rather than a technical or strained construction.

3. Insurance — Farmowners' Insurance — Nuisance — Duty to Defend.

An insurer, under a policy which provides that the insurer shall pay all sums that the insured might become legally obligated to pay as damages for accidental bodily injury or property damage arising from the insured's farming operations and that the insurer shall defend the insured against any suit seeking such damages, was under no duty to defend its insured in a suit brought by a municipality for injunctive relief from a nuisance arising from the insured's operations.

*Dennis S. McCune,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for defendant.

Before: Wahls, P.J., and Beasley and D. A. Burress,* JJ.

Per Curiam. Plaintiffs appeal as of right from the trial court's order granting summary disposition to defendant under MCR 2.116(C)(10). We affirm.

This case involves defendant insurance company's duty to defend plaintiffs, their insureds, under a farmowners insurance policy issued to plaintiffs by defendant. Originally, the Village of Mendon filed a complaint against plaintiffs alleging that their hog farm, immediately adjacent to Mendon,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was a public nuisance. Mendon sought abatement by permanent injunction along with attorney fees and costs. Plaintiffs timely tendered defense of the suit to defendant, which refused to defend or indemnify plaintiffs because the action sought only injunctive relief, not money damages. Plaintiffs were obliged to fund their own defense. Following a bench trial, an opinion was issued granting a permanent injunction and costs to Mendon. Plaintiffs then sued defendant, alleging defendant had breached its duty to defend plaintiffs under the insurance contract. Cross-motions for summary disposition were brought under MCR 2.116(C)(10) and defendant's motion was granted.

The sole issue on appeal is whether the trial court erred in granting summary disposition on the grounds that injunctive relief was not a form of "damages" within the meaning of the insurance policy, which would obligate defendant to defend the suit brought against plaintiffs.

Summary disposition pursuant to MCR 2.116(C)(10) is proper only if there is no genuine issue as to any material fact and the party in whose favor judgment is granted is entitled to judgment as a matter of law. *Hagerl v Auto Club Group Ins Co,* 157 Mich App 684, 686-687; 403 NW2d 197 (1987). A motion based on MCR 2.116(C)(10) tests the factual support for the claim. *Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987). In ruling on the motion, the court must consider the pleadings, affidavits, depositions and other documentary evidence, and must give the benefit of any reasonable doubt to the nonmoving party, being liberal in finding a genuine issue of material fact. *Id.* Summary disposition is appropriate only if the court is satisfied that it is impossible for the nonmoving party's claim to be

supported at trial because of a deficiency which cannot be overcome. *Id.*

Construction of an insurance contract containing unambiguous language is a question of law for the court. *Auto Club Ins Ass'n v Page,* 162 Mich App 664, 667; 413 NW2d 472 (1987). Whether an ambiguity exists in an insurance contract is a question for the court which may consider extrinsic facts. *Mayer v Auto-Owners Ins Co,* 127 Mich App 23; 338 NW2d 407 (1983). The language of an insurance contract will be construed with reference to the party's relations and the type of property insured. *Boyd v General Motors Acceptance Corp,* 162 Mich App 446, 452; 413 NW2d 683 (1987). We look to the language used and the context to determine the purpose sought to be achieved. *Id.* The contract language will be given its ordinary and plain meaning, rather than a technical or a strained construction. *Id.*

In the present case, the farmowners insurance policy provided in relevant part:

SECTION II
\* \* \*

1. Coverages

If Coverages A, B and C are shown under Section II in the declarations, the following coverages are afforded:

Coverage A—PERSONAL LIABILITY (PUBLIC AND EMPLOYER'S)

This Company agrees to pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations

of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient.

1. COVERAGES—PERSONAL INJURY LIABILITY

The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses:

\* \* \*

d. contamination or pollution arising out of the accidental discharge, dispersal, release, or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste material, or other irritants, contaminants, or pollutants into or upon land, the atmosphere, or any watercourse or body of water;

\* \* \*

. . . and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury . . . .

In addition, § II, coverage A in the insurance policy defines "occurrence" as "an accident . . . which results . . . in bodily injury or property damage." We find the language of the insurance contract to be clear and unambiguous.

First, the suit by Mendon alleged that the operation of plaintiffs' hog feedlot resulted in obnoxious odors, air contamination, large numbers of flies and other disease-carrying insects, and the violation of zoning and environmental laws. Mendon sought abatement of the public nuisance. Absent any allegation that the violations or conditions were accidental in nature, there has been no "occurrence" which would obligate defendant to defend their insured. See *American States Ins Co v*

*Maryland Casualty Co,* 587 F Supp 1549 (ED Mich, 1984).

Second, we find the word "damages" as used in the policy to be clear and unambiguous. The policy limits the insured's liability to "all sums which the insured shall become legally obligated to pay as damages." Again, the insured's duty to defend extended to "any suit against the insured seeking damages on account of such bodily injury or property damage." We note that several jurisdictions have held, under clauses similar to the ones at issue here, that an insurance company has no duty to defend when the action seeks only injunctive relief. See *United States Aviex Co v Travelers Ins Co,* 125 Mich App 579, 588-589; 336 NW2d 838 (1983). Here, the suit by Mendon sought an abatement of a nuisance and thus injunctive relief only. The suit did not allege injury to Mendon's property which could, in any way, have required plaintiffs to pay money damages to Mendon. Thus, this case is easily distinguished from *United States Aviex Co, supra.* We conclude that the word "damages," given its ordinary and plain meaning, cannot encompass strictly injunctive action.

We also note that a complaint seeking costs or attorney fees is not a complaint seeking money damages. See *Bd of Co Rd Comm'rs of Larimer Co v Guarantee Ins Co,* 90 FRD 405, 407 (D Colo, 1981).

The trial court properly entered summary disposition in favor of defendant.

Affirmed.