VANGUARD INSURANCE COMPANY v RACINE

Docket No. 189413. Submitted February 5, 1997, at Grand Rapids. Decided June 17, 1997, at 9:10 A.M. Leave to appeal sought.

Vanguard Insurance Company, the homeowner's insurer of Marcell Racine, brought an action in the Berrien Circuit Court against Racine and his former wife, Jeri Racine, in her capacity as the personal representative of the estate of Vance B. Racine, a deceased child of Marcell and Jeri Racine. Vanguard sought a declaration regarding its obligation to defend and indemnify Marcell Racine against a negligence action brought by Jeri Racine relating to the child's death in an accident at Marcell Racine's home. The Racines had joint legal custody of their child, Jeri Racine had physical custody, and Marcell Racine had visitation rights, maintained a room for the child at his former home, and intended to maintain a room for the child at his new home, where the accident occurred. The court, John N. Fields, J., granted summary disposition for the Racines, rejecting Vanguard's contention that the child had been a resident of Marcell Racine's household and had regularly resided at the insured home and therefore had been an "insured," as defined in the policy, for whose bodily injury the liability and medical payment provisions of the policy did not apply. Vanguard appealed.

The Court of Appeals *held*:

The terms "resident" and "regularly resides" are not defined in the policy and are susceptible to interpretation as requiring that the person in question primarily reside in or be domiciled at the household of the named insured, or to interpretation as inclusive of relatives of the insured who periodically stay in the insured home indefinitely. In view of such ambiguity, the terms must be construed against the insurer, as drafter of the policy, and in favor of coverage for the Racines.

Affirmed.

INSURANCE — POLICIES — JUDICIAL CONSTRUCTION — AMBIGUITIES.

Terms not defined in an insurance policy will be construed by a court in accordance with their commonly used meanings and if ambiguous, i.e., can reasonably be understood in different ways, will be construed against the insurer and in favor of coverage.

*G. W. Caravas & Associates, P.C.* (by *Michael J. Schmidt*), for Vanguard Insurance Company.

*Goodman, Lister & Peters, P.C.* (by *Thomas E. Kuhn*), for Marcell Racine.

*Butzbaugh and Ehrenberg* (by *Robert J. Ehrenberg*), for Jeri Racine.

Before: BANDSTRA, P.J., and HOEKSTRA and J. M. BATZER*, JJ.

PER CURIAM. This case involves a dispute regarding whether plaintiff, as defendant Marcell Racine's homeowner's insurer, must provide coverage for the accidental death of defendants' three-year-old son. We affirm the trial court's order granting summary disposition in favor of defendants.

Defendants Marcell and Jeri Racine, husband and wife, were divorced in February 1994. At that time, legal custody of defendants' son, Vance, was awarded to defendants jointly, with physical custody granted to Jeri Racine. Separate households were established, with Marcell Racine enjoying visitation with Vance at least every other weekend and, on a more or less regular basis, one weeknight a week for a total of eight to ten days a month. There was evidence that Marcell Racine maintained a separate bedroom for Vance, where some clothes and toys were kept, and toiletries were available. Shortly before the accident underlying this action, Marcell Racine moved to a new home, where a bedroom was available for his son although it had not yet been furnished. Vance also had clothes

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and toiletries available, along with toys, at his father's new home.

Marcell Racine was mowing his lawn using a riding mower; Vance was riding with him. The mower tipped, a fire broke out, and Vance was killed. Jeri Racine, as personal representative of Vance's estate, brought suit against Marcell Racine for negligence. Marcell Racine asked his homeowner's insurer, plaintiff Vanguard Insurance Company, to undertake a defense and to indemnify him for any liability. Vanguard filed this declaratory action, contending that under certain terms of the insurance policy, it had no duty either to defend or indemnify Marcell Racine for such liability. Defendants brought a motion for summary disposition, which the trial court granted, concluding that the policy provides coverage.

The dispute regarding the policy primarily concerns the definition of "insured":

> "Insured" means you and residents of your household who are: (a) your relatives; or (b) other persons under the age of 21 in the care of any person named above.

The liability coverage provisions of the policy do not apply to bodily injury sustained by any "insured." Coverage for medical payments is similarly excluded for bodily injury to any person "regularly residing" at the insured location.

There are a number of Michigan precedents addressing similar insurance policy language. E.g., *Williams v State Farm Mutual Automobile Ins Co*, 202 Mich App 491; 509 NW2d 821 (1993); *Dobson v Maki*, 184 Mich App 244; 457 NW2d 132 (1990); *Dairyland Ins Co v Auto-Owners Ins Co*, 123 Mich App 675; 333 NW2d 322 (1983). However, all these

precedents concern situations in which, if the person in question was held to be a "resident" of the household of the insured, or "domiciled" there, insurance coverage was afforded. Here, the opposite result obtains; if decedent was a resident of his father's household, there is no coverage.

We find these decisions inapposite, considering the general rule that, unless the language of an insurance policy unambiguously so requires, a policy should not be construed to defeat coverage. *Shumake v Travelers Ins Co*, 147 Mich App 600, 608; 383 NW2d 259 (1985). Previous holdings regarding the "resident" question are not helpful, because in each case the Court properly strove to find that the individual in question was a resident and thus eligible for insurance benefits.

There are general rules applicable to the interpretation of insurance policies that do provide guidance for this case. An insurance policy is a contract, and the court must determine what the parties agreed to in the policy in order to determine if a policy covers a particular accident. *Fire Ins Exchange v Diehl*, 450 Mich 678, 683; 545 NW2d 602 (1996). Where policy language is clear, courts are bound by the specific language set forth in the policy. *Heniser v Frankenmuth Mutual Ins Co*, 449 Mich 155, 160; 534 NW2d 502 (1995). We must interpret the terms of the policy in accordance with their commonly used meaning if the terms are not defined in the policy or the meaning of the terms are not obvious from the policy language. *Arco Industries Corp v American Motorists Ins Co*, 448 Mich 395, 404; 531 NW2d 168 (1995). The fact that the term in controversy is not defined in the policy does not alone establish that an ambiguity

exists. *Trierweiler v Frankenmuth Mutual Ins Co*, 216 Mich App 653, 657; 550 NW2d 577 (1996). A provision is considered ambiguous when its words can reasonably be understood in different ways. *Engle v Zurich-American Ins Group*, 216 Mich App 482, 487; 549 NW2d 589 (1996). Whether the terms of an insurance policy are ambiguous is a question for the court. *Jones v Farm Bureau Mutual Ins Co*, 172 Mich App 24, 27; 431 NW2d 242 (1988). Any ambiguity in an insurance policy is construed against the insurer and in favor of coverage. *Heniser, supra.*

Applying these principles, we conclude that the policy in this case presents an ambiguous use of the terms "residents" and "regularly resides" under the facts of this case. See *Montgomery v Hawkeye Security Ins Co*, 52 Mich App 457; 217 NW2d 449 (1974). The policy does not define these terms, and they are susceptible to two different meanings. They could be interpreted as being synonymous with the term "domicile" or primary residence. See *Workman v DAIIE*, 404 Mich 477, 495; 274 NW2d 373 (1979) (usually, the terms "residence" and "domicile" are legally synonymous). A party generally has only one legal residence or domicile. In this case, the one domicile would be defendant Jeri Racine's home, which was where Vance spent the majority of his time and where Jeri Racine had physical custody of Vance under the divorce judgment. Conversely, it is possible to interpret the policy in the manner that plaintiff contends is correct. Vance was physically present at his father's home on the day of the accident, and Vance intended to stay the weekend. Moreover, Vance intended to establish his own room in the new house in the near future. Vance also had his own room in his father's

previous home. It is possible to interpret the term "residents" to include relatives who periodically stay in a home indefinitely, but maintain a legal domicile at some other location during the same period.

Because the policy terms are susceptible to two different meanings under the facts of this case, they must be construed against plaintiff as the drafter of the insurance contract and in favor of coverage for defendants. Summary disposition was properly granted to defendants. Accord *Nat'l Automobile & Casualty Ins Co v Underwood*, 9 Cal App 4th 31; 11 Cal Rptr 2d 316 (1992).

We affirm.