WALDAN GENERAL CONTRACTORS, INC v MICHIGAN MUTUAL
INSURANCE COMPANY

Docket No. 193271. Submitted October 7, 1997, at Grand Rapids. Decided
February 6, 1998, at 9:00 A.M. Leave to appeal sought.

Waldan General Contractors, Inc., brought an action in the Ottawa
Circuit Court against Michigan Mutual Insurance Company, seeking
under the inland marine builders' risk/installation provisions of an
insurance policy issued by the defendant to the plaintiff coverage
for construction materials lost in a fire at the plaintiff's warehouse.
The materials had been packaged and were set to be shipped to
various job sites. Under the inland marine builders' risk/installation
section of the policy, covered property included property that was
to become a permanent part of a building or structure at a job site
while the property was in transit to the job site or to a temporary
storage location or while the property was being held at a tempo-
rary storage location. The court, Edward R. Post, J., granted sum-
mary disposition for the defendant, ruling that, under the terms of.
the policy, the materials had to have been in transit. The plaintiff
appealed.

The Court of Appeals *held*:

Giving the contractual language of the policy its ordinary and
plain meaning, the policy unambiguously provides coverage for
items in temporary storage. The policy contains no requirement
that the storage occur following a shipment, and the trial court
therefore erred in imposing a transit requirement not contained in
the policy.

Reversed and remanded for entry of judgment in favor of the
plaintiff.

WHITE, P.J., concurring, noted that the materials at issue had been
designated to six job sites, had been pulled from stock, and was
awaiting shipment when the loss occurred.

1. INSURANCE — POLICIES — JUDICIAL CONSTRUCTION.

A court, when construing a contract of insurance, looks at the con-
tract as a whole and gives meaning to all terms, gives the language
its ordinary and plain meaning, avoids technical or strained con-
structions, and determines and effectuates the intent of the con-

tracting parties; where policy language is clear, the court is bound
by the specific language set forth in the policy.

2. Insurance — Inland Marine.

Inland marine insurance is used to insure both transportation risks
generally and any type of goods or property that might be affected
by movement.

*Jonathan Shove Damon,* for the plaintiff.

*Tolley, VandenBosch & Walton, P.C.* (by *David L. Harrison*), for the defendant.

Before: White, P.J., and Cavanagh and Reilly, JJ.

Cavanagh, J. Plaintiff appeals as of right from the trial court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse and remand for proceedings consistent with this opinion.

The facts of this case are undisputed. On September 17, 1994, a fire occurred at plaintiff's Grand Haven warehouse. As a result of the fire, construction materials worth $14,942 were destroyed. These materials had been packaged and were awaiting shipment to various job sites around the country.

The damage sustained in the fire exceeded the limits of the basic contents/personal property coverage of plaintiff's commercial policy, which was issued by defendant. Plaintiff therefore sought coverage of the construction materials pursuant to the inland marine builders' risk/installation section of the policy. Defendant denied plaintiff's claim.

On September 13, 1995, plaintiff filed a complaint asking the trial court to enter judgment in its favor with regard to the coverage dispute. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10). After both parties presented arguments

at a hearing on January 29, 1996, the trial court granted defendant's motion on the basis that the property involved had not been in transit. The order incorporating this ruling was entered on February 14, 1996. This appeal followed.

On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition. This Court reviews de novo an order granting or denying summary disposition. A motion for summary disposition is properly granted pursuant to MCR 2.116(C)(10) when, except with respect to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Giving the benefit of reasonable doubt to the nonmovant, the trial court must determine whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Moore v First Security Casualty Co*, 224 Mich App 370, 375; 568 NW2d 841 (1997).

Under the inland marine builders' risk/installation section of the policy, covered property includes the following:

> Property that will become a permanent part of the buildings or structures at the job site; and
>
> a. While this property is in transit to the "job site" or to a temporary storage location; or
>
> b. While this property is being held at a temporary storage location.

The policy also contains the following exclusion:

> Covered Property DOES NOT INCLUDE:
>
> 1. Your property at locations that you own, lease or control other than:
>
> a. At a "job site"; and

b. At places of temporary storage.

An insurance policy is much the same as any other contract. It is an agreement between the parties, and a court will determine what the agreement was and effectuate the intent of the parties. Accordingly, the court must look at the contract as a whole and give meaning to all terms. *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992). The contractual language is to be given its ordinary and plain meaning, and technical and strained constructions are to be avoided. *Royce v Citizens Ins Co*, 219 Mich App 537, 542; 557 NW2d 144 (1996). Where policy language is clear, courts are bound by the specific language set forth in the policy. *Vanguard Ins Co v Racine*, 224 Mich App 229, 232; 568 NW2d 156 (1997).

The parties agree that plaintiff owned the construction materials and that the materials were to become a permanent part of buildings at job sites in other locations. Plaintiff asserts that coverage should apply because its warehouse was a temporary storage location for the materials. Defendant, however, contends that the items had to be shipped before they could be stored; otherwise they constituted inventory not covered by the policy.

Inland marine insurance is used to insure both transportation risks generally and any type of goods or property that might be affected by movement. Keeton & Widiss, Insurance Law (student ed), § 1.5(b)(2), p 20. Defendant maintains that the general intent of inland marine coverage is to protect items in transit or in storage incident to transport, and therefore plaintiff is not covered under that portion of the policy. It is true that examining the policy types within

the insurance industry may be helpful in determining the contractual intent of the policies as evidenced by their language. Nevertheless, the actual policy language is still the most important factor to be considered. See *Bosco v Bauermeister*, 456 Mich 279, 293; 571 NW2d 509 (1997). In the present case, the absence of any standard language in inland marine policies by various insurers makes it difficult to conclude that the coverage necessarily has the narrow limits suggested by defendant.[1]

Defendant concedes that the policy covers property in a temporary storage location but asserts that it requires a shipment first. Plaintiff, however, contends that the policy covers temporarily stored items without regard to transit. After examining the policy, and giving the contractual language its ordinary and plain meaning, we find that the policy unambiguously provides coverage for items in temporary storage. The policy contains no requirement that the storage occur following a shipment, or be incidental to transit in any way. Because the language of the policy is clear, we conclude that the trial court erred in imposing a transit requirement not contained in the policy. See *Vanguard Ins Co, supra*; cf. *General Cigar Co, Inc v Lancaster Leaf Tobacco Co*, 323 F Supp 931, 937 (D Md, 1971) (declining to interpret the word "storage" in a statute as storage "incidental to . . . sale").

---

[1] The language of the policies in each of the following cases differs from each other and differs from the language of defendant's policy: *Catts Co v Gulf Ins Co*, 723 F2d 1494, 1496 (CA 10, 1983); *Hillcrea Export & Import Co, Inc v Universal Ins Co*, 110 F Supp 204, 205-206 (SD NY, 1953), aff'd 212 F2d 206 (CA 2, 1954), cert den 348 US 833; 75 S Ct 57; 99 L Ed 657 (1954); *Dealers Dairy Products Co v Royal Ins Co, Ltd*, 170 Ohio St 336, 339; 164 NE2d 745 (1960); *O'Connor v Phillips Ins Agency Group, Inc*, 1991 Ohio App LEXIS 1400, unpublished opinion of the Ohio Court of Appeals, issued April 1, 1991.

Defendant also argues that the construction materials cannot be covered under the inland marine provision because they were covered under the general commercial property portion of the policy. Defendant assumes that an item must be either "inventory" excluded by an installation floater but included in a general casualty policy, or "in transit" and covered by the installation floater but excluded by a general policy. However, defendant offers no support for this proposition. Overlapping coverage is common between different insurance companies, and we see no reason why a single company's separate policy provisions providing coverage might not also overlap.[2] In the present case, plaintiff is not seeking double compensation for the same property. Rather, plaintiff is seeking to have the installation floater applied to specific property because the value of the goods damaged in the fire exceeded the policy limits under the general policy.

In sum, we find that the inland marine builders' risk/installation section of the policy covers property in temporary storage, without regard to whether the materials are in transit. Accordingly, the trial court erred in denying plaintiff's motion for summary disposition and granting defendant's motion for summary disposition. We therefore remand so that judgment may be entered in favor of plaintiff.

Reversed and remanded.

REILLY, J., concurred.

---

[2] See Randall, *Coordinating Liability Insurance*, 1995 Wis L Rev 1339, 1378 (discussing the methods used by insurers to control overlapping coverage in casualty policies).

WHITE, P.J. (*concurring*). Having in mind that the property at issue had been designated to existing contracts for six job sites, had already been pulled from stock and "put up" for transportation to the job sites, and was awaiting shipment when the loss occurred, I concur in the reversal.