*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

YAZAN MUSLEH,

Plaintiff-Appellant,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

Defendant-Appellee.

UNPUBLISHED
March 2, 2023

No. 361362
Wayne Circuit Court
LC No. 21-004726-CK

Before: RICK, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Yazan Musleh, appeals on leave granted[1] the trial court's order granting summary disposition to defendant, Progressive Michigan Insurance Company, under MCR 2.116(C)(10). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On August 25, 2020, Musleh purchased an automobile insurance policy from Progressive. The policy covered six vehicles. On the application for insurance, Musleh stated that each of the vehicles was garaged in Washington Township. On August 27, 2020, Musleh sent a notarized letter to Progressive's underwriters. In the letter, he noted that his insurance agent had asked him to provide information as to where he garaged his vehicles. He then listed each vehicle and the address or addresses where it was "mostly kept." Notably, only three of the vehicles were listed as garaged in Washington Township.

On November 16, 2020, Musleh filed a claim for the theft of one of the vehicles. On November 30, 2020, Progressive advised that there might not be coverage under the policy for the vehicle's theft. Progressive also stated that it was investigating where Musleh's vehicles were

---

[1] *Musleh v Progressive Mich Ins Co*, unpublished order of the Court of Appeals, entered June 30, 2022 (Docket No. 361362).

principally garaged. Following its investigation, Progressive informed Musleh that it would not cover the theft claim and that it was cancelling Musleh's policy and refunding his premium check. Progressive cited the fraud or misrepresentation provision in Musleh's policy, which provided:

> This policy was issued in reliance upon the information provided on your insurance application. We may void this policy at any time, including after the occurrence of an accident or loss, if you:
>
> 1. made incorrect statements or representations to us with regard to any material fact or circumstance;
>
> 2. concealed or mispresented any material fact or circumstance; or
>
> 3. engaged in fraudulent conduct;
>
> at the time of application. This means that we will not be liable for claims or damages that would otherwise be covered.

Thereafter, Progressive sent Musleh a rescission notice and a premium refund check.

Musleh's lawyer sent a letter rejecting Progressive "decision to unilaterally rescind" the policy. Subsequently, Musleh filed a complaint against Progressive, alleging that it had breached its contract with him by failing to compensate him for the fair market value of his stolen vehicle. Following discovery, Progressive moved for summary disposition under MCR 2.116(C)(10), arguing that it was entitled to judgment as a matter of law because (1) Musleh had misrepresented where the vehicles were garaged and where his daughter resided and (2) the misrepresentations were material because it would have not issued the policy if it had known the truth. In response, Musleh argued that if Progressive had defined its garaging requirements in the application or in his policy, he would have complied with the requirements. He noted that he had sent a letter to Progressive listing where his vehicles were garaged. Finally, Musleh asserted that he had not deposited the refund check because he was objecting to the rescission.

The trial court granted Progressive summary disposition under MCR 2.116(C)(10). Musleh moved for reconsideration under MCR 2.119(F)(3). However, before the trial court heard that motion, Musleh filed a claim of appeal in this Court. Initially, this Court dismissed his appeal for lack of jurisdiction because of the pending motion for reconsideration.[2] Musleh moved for reconsideration in this Court, asserting his belief that the trial court was never going to hear his motion for reconsideration. Thereafter, this Court granted his motion for reconsideration and entered an order treating Musleh's appeal as an application for leave to appeal that was granted.[3]

---

[2] *Musleh v Progressive Mich Ins Co*, unpublished order of the Court of Appeals, entered May 17, 2022 (Docket No. 361362).

[3] *Musleh v Progressive Mich Ins Co*, unpublished order of the Court of Appeals, entered June 30, 2022 (Docket No. 361362).

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Musleh argues that the trial court erred by granting summary disposition to Progressive. Challenges to a trial court's decision to grant summary disposition are reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering*, *Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

### B. ANALYSIS

Musleh argues that the trial court erred by granting summary disposition because, when viewed in the light most favorable to him, there are genuine issues of material fact regarding whether he misrepresented information on his applicable for insurance. We disagree.

"An insurance policy is much the same as any other contract, and the application is considered part of the contract." *Holman v Farm Bureau Gen Ins Co of Mich*, ___ Mich App ___ ; ___ NW2d ___ (2022) (Docket No. 357473); slip op 5 (citation and quotation marks omitted). "[I]t is well settled that an insurer is entitled to rescind a policy *ab initio* on the basis of a material misrepresentation made in an application for no-fault insurance." *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 445; 889 NW2d 759 (2016) (citation omitted). "Rescission abrogates a contract and restores the parties to the relative positions that they would have occupied if the contract had never been made." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 409; 919 NW2d 20 (2018). Here, the insurance policy provided that Progressive could rescind the policy if, in his application, Musleh "made incorrect statements or representations" regarding "any material fact or circumstance" or if he "misrepresented any material fact or circumstance."

Musleh complains that the trial court did not view the evidence he submitted in response to summary disposition in the light most favorable to him. The record reflects, however, that none of the evidence he submitted created a genuine issue of material fact with regard to whether he made a material misrepresentation on his application for insurance. Indeed, it is undisputed that Musleh represented on his insurance application that he had six vehicles garaged in Washington Township. That was not true. In a letter sent two days later, Musleh clarified that only three of the vehicles were actually garaged in Washington Township. He made similar admissions during Progressive's investigation into where the vehicles were primarily garaged. He still does not contend that the vehicles were actually garaged in Washington Township. There is, therefore, no dispute that he made a misrepresentation on his application when he stated that all six vehicles were garaged in Washington Township.

The misrepresentation was also material. "An insurer's evaluation of the likelihood of a factor increasing the risk of loss affects its decision to enter into a contract. A misrepresentation on an insurance application is material if, given the correct information, the insurer would have rejected the risk or charged an increased premium." *Montgomery v Fidelity & Guaranty Life Ins Co*, 269 Mich App 126, 129; 713 NW2d 801 (2005) (citation omitted). Here, Progressive's underwriter stated in an affidavit that if Progressive had known where the vehicles were actually garaged the policy would not have been issued "as written" because "multiple garaging addresses poses an underwriting risk."

On appeal, Musleh does not dispute that he made a material misrepresentation on his insurance application when he stated that each of his vehicles was garaged in Washington Township.[4]  Instead, he stresses that he did not *intentionally* make a material misrepresentation. He posits that would have readily complied with the garaging requirements if Progressive had described its "garage-related" concerns in the insurance application, had asked more detailed questions in the application, or had defined its garage-related concerns in the insurance policy. The plain terms of the contract, however, do not require a finding of fraud or intentional misstatement.  Instead, the rescission clause applies to both intentional and inadvertent material misrepresentations in the insurance application.  Thus, it is irrelevant whether he would have accurately conveyed the information if he had been better informed by Progressive as to what it meant when it asked for his "garaging zip code" and "rating city."  Indeed, "[r]escission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer."  *21st Century Premier Ins Co*, 315 Mich App at 446.  And, as it is undisputed that Progressive relied upon the misrepresentation, rescission is warranted under the language of the contract.

Musleh also suggests that the insurance policy was ambiguous so it should be construed against Progressive.  He does not identify which provisions were ambiguous.  He suggests—vaguely—that the policy is ambiguous because it does not define what he terms "garaging-related" terminology.  The failure to define a term, however, does not render a policy ambiguous.  *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 35; 772 NW2d 801 (2009).  Instead, "[a] provision is considered ambiguous when its words can reasonably be understood in different ways."  *Vanguard Ins v Racine*, 224 Mich App 229, 233; 568 NW2d 156 (1997).  Here, it is axiomatic that a request for information on where the vehicle is garaged refers to where the vehicle is physically stored when not in use.  Indeed, the policy refers to "principle garaging address" separately from the insured's "mailing address" and "residence address," which suggests that the vehicle does not have to be stored at the insured's residence.  Moreover, Musleh was not actually confused by the language used given that he sent a notarized letter indicating where each vehicle was actually garaged.  Finally, given that Musleh has not identified any ambiguities in the policy, his claim that the trial court erred by interpreting the policy is without merit.  See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").

Musleh also suggests that the trial court never intended to hear his motion for reconsideration.  The trial court, however, may not set aside or amend its order granting summary disposition because Musleh's claim of appeal was treated as an application for leave to appeal and

---

[4] We note that Progressive also asserted that Musleh misrepresented the address of his daughter on the application.  The application, however, asked Musleh to include "all children who live away from home who drive these vehicles  . . . ."  Musleh listed his daughter, but did not state that she resided with him.  He did not, in fact, list her address, nor was he asked to list her address.  As a result, there is no material misrepresentation related to the address of Musleh's daughter.

was granted. See MCR 7.208(A). Consequently, the trial court did not err by failing to rule on Musleh's motion for reconsideration.

Affirmed. Progressive may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michelle M. Rick
/s/ Michael J. Kelly
/s/ Michael J. Riordan