MILONA CORPORATION & another *vs.* PIECE O'PIZZA OF AMERICA CORPORATION & others. September 11, 1973. The master to whom this bill in equity was referred was justified, on the basis of his subsidiary findings, in finding that the defendant Pizza Seven Corporation (Pizza 7) committed a breach of its equipment lease to the plaintiffs by its unilateral assumption of possession and control of the plaintiffs' restaurant, for which the equipment had been leased, without giving the written notice required by the termination provision of the lease. The master was plainly wrong, however, in concluding that Pizza 7's subsequent notice of termination was rendered invalid by this breach. *Wilkinson* v. *Blount Mfg. Co.* 169 Mass. 379-380 (1897). And as the master also found that the termination would otherwise have been justified by the plaintiffs' prior conduct, paragraph 2 of the final decree, which declares the equipment lease to be in full force and effect, is in error. It does not follow, as contended by the defendants, that the master was plainly wrong in finding, or that the final decree was erroneous in declaring, that the restaurant franchise granted the plaintiffs by the defendant Piece O'Pizza of America Corporation (Piece O'Pizza) is likewise still in effect. While the plaintiffs' conduct which was found to have justified termination of the equipment lease would also have justified termination of the contemporaneously executed franchise

agreement under the terms thereof, there is no merit to the contention that the termination of the former automatically effected a termination of the latter. Such a construction of the two instruments is not only unwarranted but is wholly unreasonable in that it would render meaningless the provision in the franchise agreement (absent from the equipment lease) requiring thirty days' notice in writing prior to Piece O'Pizza's exercise of its right to terminate for cause. We are not persuaded that Piece O'Pizza's noncompliance with the notice provision was a mere technical failure, because we read that provision as designed to give the plaintiffs an opportunity to cure their defaults and hence as imposing a condition precedent on Piece O'Pizza's power to terminate the agreement thereunder. Corbin, Contracts, § 1266. See *New England Structures, Inc.* v. *Loranger,* 354 Mass. 62, 67-69 (1968). Finally, even if certain subsidiary findings of the master might have justified the conclusion that the parties entered into an oral agreement to terminate the franchise (which we do not decide), that conclusion was clearly not required as a matter of law, and we are not prepared to say that the master was plainly wrong in finding to the contrary. The final decree is to be modified by striking out paragraph 2 and by inserting in place thereof a paragraph to the effect that the equipment lease referred to therein was terminated as of December 3, 1968, and as so modified is affirmed.

*So ordered.*

*Richard A. Gelerman* for the defendants.

*Edmund Hurley & Charlotte Anne Perretta,* for the plaintiffs, submitted a brief.