Hillman, J.
INTRODUCTION
Plaintiff Nancy Hogan (“Hogan”) brings this action to recover Personal Injury Protection (PIP) Benefits from Defendant Berkshire Mutual Insurance Company (“BMI”). BMI moves for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, BMI’s motion is ALLOWED.
BACKGROUND
This case comes to this Court upon removal from the Westborough District Court. On April 7, 1995, Elizabeth King’s automobile collided with an automobile operated by Nancy Hogan.[1] Berkshire Mutual Insurance company insured this automobile pursuant to a motor vehicle insurance policy that provided for Personal Injury Protection (PIP) benefits in accordance with G.L.c. 90, §34 A-M. On July 20, 1995, and on various dates thereafter, Hogan submitted a claim to BMI for PIP benefits.
At the time of the automobile accident, Hogan had a medical insurance policy with Fallon Community Health Plan (“Fallon”). On July 20, 1995, Hogan submitted an application for PIP benefits to BMI. Hogan, however, did not submit her medical bills and records to BMI until June 7, 1996, approximately one year after she had submitted her application for PIP benefits. Hogan sent these same bills and records to Fallon on June 7, 1996. Fallon declined to provide coverage for any of the medical bills because it had not authorized any of the treatment received by Hogan. BMI paid Hogan a total of $2,845.00 in connection with this treatment.
On October 22, 1996, Hogan filed a complaint alleging that BMI owed her $2,188.50 in accordance with the PIP provisions of the automobile insurance policy. Hogan’s complaint further alleged that BMI’s failure to pay these expenses entitled her to costs and attorneys fees under G.L.c. 90, §34M. On December 18, 1997, Judge Waickowski of the Westborough District Court entered judgment in favor of BMI. Hogan moved to remove the case to the Superior Court in December 1997.
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Com *566 munity Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time. Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the parly opposing the motion must respond and allege if specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Summary judgment, where appropriate, maybe entered against the moving party, or may be entered as to certain issues and not others which may present a genuine issue of material fact. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The nonmoving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts to defeat the motion. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving parly’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Defendant contends that summary judgment should enter in it its favor based upon the recent ruling of the Massachusetts Supreme Judicial Court in Dominguez v. Liberty Mut. Ins. Co., 429 Mass. 112 (1999). Hogan, on the other hand, argues that the ruling in Dominguez should not apply to her case because her accident occurred before the SJC decided Dominguez. This Court finds that Hogan has misconstrued the holding in Dominguez. Summary judgment, therefore, will enter in favor of defendants.
General Laws c. 90, §34A governs PIP Benefits and provides in pertinent part:
Notwithstanding the foregoing, [PIP] provisions shall not provide for payment of more than two thousand dollars of expenses incurred within two years from the date of accident for medical . . . services ... if, and to the extent that, such expenses have been or will be compensated, paid or indemnified pursuant to any policy of health, sickness or disability insurance or any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the cost of medical, hospital, dental or other health care services. No policy of health . . . insurance and no contract or agreement of any group ... to provide, pay for or reimburse the cost of medical, .. or other health care services, shall deny coverage for said expenses because of the existence of [PIP] benefits. Notwithstanding the provisions of [G.L.c. Ill, §70A], no entity [that] is the source of the provision, payment or reimbursement of said expenses shall recover any amount against the claimant nor shall it be subrogated to the rights of the claimant for more than two thousand dollars of [PIP] benefits, nor shall it have a lien against the claimant’s [PIP] benefits on account of its provision, payment of reimbursement of said expenses. Within two years from the date of the accident, if the claimant has a policy of insurance [that] provides health benefits . . . , and the claimant is unwilling or unable to pay the costs of renewing or continuing that policy of insurance in force, the insurer providing the [PIP] coverage to the claimant may tender to the claimant the cost of maintaining the said policy in force for the two year period. Upon receipt of such tender, the claimant shall continue such policy of insurance; or an equivalent policy in force for the two year period. Nothing in this subsection shall be construed to compel a claimant to renew or maintain any policy of insurance in force prior to receipt of the said tender, or to interfere in any way with the claimant’s choice of physician or course of medical treatment.
In Dominguez, 429 Mass. 112, the SJC interpreted G.L.c. 90, §34A. In Dominguez, the plaintiff (Dominguez), who incurred injuries in an automobile accident while driving his mother’s car, received medical care worth $2,785.00. The defendant, Metropolitan Insurance, paid $2,000.00 of Dominguez’s medical care pursuant to its PIP coverage. Metropolitan, however, refused to pay the remaining $785.00, claiming that G.L.c. 90, §34A obligated it to pay only $2,000.00. Dominguez then attempted to collect the $785.00 from his medical insurance provider, Harvard Community Health Plan (HCHP). The physician who had provided Dominguez with care, however, was not an authorized provider under HCHP. HCHP, therefore, refused to cover the $785.00.
In Dominguez, the SJC held that under chapter 90, §34A, Metropolitan did not have to pay for Dominguez’s medical expenses between $2,000 and $8,000 as PIP benefits if Dominguez’s insurer (HCHP) would have covered the medical services had Dominguez sought treatment in accordance with his health insurer’s plan. Id. at 112-13. Dominguez, therefore, did not prevail because he sought care from a physician who was not an authorized provider under HCHP.
The case at bar is analogous to Dominguez. Hogan’s medical insurance provider, Fallon, covered chiropractic benefits. This is evidenced by a letter submitted by Fallon to Hogan’s attorney. In the letter, Fallon, through its employee Susan DiStefano, acknowledged that Hogan’s contract with Fallon covered chiropractic *567 benefits. Thus, like the plaintiff in Dominguez, Hogan could have cooperated with her medical insurance provider to obtain coverage for her chiropractic expenses. Hogan, however, incurred chiropractic expenses without first receiving authorization from Fallon. BMI, therefore, had no obligation to pay Hogan any sum of money for PIP benefits beyond $2,000.00.
Hogan contends that Dominguez should not apply to her case because the SJC decided Dominguez in 1999, not in 1997 when Hogan made claims for PIP benefits. Hogan misconstrues the holding in Dominguez . The SJC did not circumscribe the application of the holding in Dominguez prospectively. The dissent in Dominguez proves this point. In their dissent, Justices Ireland and Lynch argued for a prospective ruling. Dominguez, supra, 429 Mass 112, 120. Dominguez, therefore, directly applies to the case at bar.
In her motion, Hogan mentions the recent decision of the Massachusetts Appellate Division of the District Court for the Western District in the case of Rivera v. Trust Insurance Company (No. 9862CV1140) (1999). In Rivera, the Appellate Division interpreted Dominguez and held that Dominguez did not address the issue of co-pays, deductibles, and coverage limits that restrict patient treatments to a fixed number, particularly for chiropractic or other neuro-skeletal manipulative treatments. This Court finds that Rivera is not applicable to the case at bar.
To apply Rivera, this Court would first have to find under Dominguez, supra, that Hogan complied with Fallon and that Fallon would have compensated Hogan’s chiropractic treatment less co-payments, deductibles, and coverage limits imposed by Fallon. Fallon, however, refused to cover any of Hogan’s chiropractic expenses because Hogan failed to obtain Fallon’s prior authorization for the chiropractic expenses. Rivera, therefore, does not apply to this case.
Hogan further contends that the doctrine of equitable estoppel precludes BMI’s reliance on the Dominguez case because BMI paid $845.00 in PIP benefits beyond the $2,000.00 it was obligated to pay under G.L.c. 90, §34A. This Court finds that Hogan has no reasonable likelihood of succeeding on an estoppel theory.
To succeed on a claim of estoppel, the plaintiff must show that the conduct of another has induced the plaintiff to do something different from what the plaintiff would have otherwise done and that harm has resulted. Lumbermen’s Mutual Casualty Company v. Offices Unlimited, 419 Mass. 462, 468 (1995). Stated differently, Hogan would have to prove that she relied to her detriment on BMI’s actions. There is no evidence that Hogan relied to her detriment on any of BMI’s manifestations. The facts indicate that Hogan obtained chiropractic treatment one year before she sent the chiropractic bills to BMI. There is no evidence that Hogan requested BMI to cover her medical bills before June 1996. Nor is there any evidence that BMI agreed to pay for PIP benefits beyond $2,000.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment be ALLOWED.

 Nancy Hogan’s husband, James Hogan, owned this automobile.