MacLeod-Mancuso, Bonnie H., J.
INTRODUCTION
The plaintiffs, Stephanie and Stephen Lallo, bring this action against defendants, Marcia and Peter Szabo, seeking declaratory judgment on an interpretation of condominium trust documents. Both parties now move for summary judgment. For the following reasons, the plaintiffs’ motion for summary judgment is ALLOWED, and the defendants’ motion for summary judgment is DENIED.
BACKGROUND
In July 2003, plaintiff Stephanie Lallo purchased the upper unit of a two-family duplex located at 20 Holland Street in Newton, Massachusetts as a condominium. She and her husband, Stephen, currently reside at that location. The plaintiffs’ unit consists of the second floor and attic of the property, totaling 2,724 square feet. The attic occupies 1,274 square feet. The defendants currently reside at 22 Holland Street, which is the lower condominium unit in the two-family duplex. The day plaintiff Stephanie purchased the unit, she entered into the Master Deed of 20-22 Holland Street Condominium (Master Deed) and the 20-22 Holland Street Condominium Trust (Trust) with the defendants. Plaintiff Stephanie serves as trustee for Unit 20 and defendant Marcia serves as trustee for Unit 22.
On May 23, 2006, the plaintiffs notified the defendants, through counsel, that they wanted to perform work on the interior of their unit by converting the attic area into a master bedroom suite, including a bedroom, bathroom, walk-in closet, small office, laundry closet and skylights. Furthermore, the plaintiffs requested that they be allowed to modify certain common areas, including extending the back roofline, installing dormers, a roof deck, and a new roof.
On June 9, 2006, the defendants responded, through counsel, that they did not agree to any of the proposed changes by the plaintiffs. Thereafter, the plaintiffs made a formal request to the defendants regarding the proposed improvements and, if the defendants did not agree to allow the proposed change, that the parties enter into an arbitration to settle this dispute pursuant to Article IX of the Trust. In response, the defendants declined to allow the improvements and refused to enter into arbitration. Thereafter, the plaintiffs filed a claim to enforce the arbitration clause of the Master Deed and the Trust. The defendants oppose this claim, asserting that because there is no dispute between the parties, the arbitration clause does not apply.
DISCUSSION
A. Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank *697 v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The summary judgment record consists of the pleadings, depositions, answers to interrogatories, affidavits, and responses to requests for admission. Mass.R.Civ.P. 56(c). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The mere assertion of a genuine factual dispute by the nonmoving party, “absent factual material upon which the assertion might be proved, is not sufficient to defeat summary judgment. Mass. Mun. Elec. Co. v. City of Springfield, 49 Mass.App.Ct. 108, 113 (2000) (additional citations omitted). Furthermore, ”[c]onclusoiy statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." Madson v. Erwin, 395 Mass. 715, 721 (1985), citing Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3rd Cir. 1972).
B. Contract Interpretation
Ownership of a condominium unit is a hybrid form of interest in real estate, entitling the owner to both exclusive ownership and possession of his unit and an undivided interest as tenant in common together with all the other unit owners in the common areas. Berish v. Bornstein, 437 Mass. 252, 262 (2002). A person’s condominium ownership includes exclusive fee interest in the individual unit on which possession and control is reserved to the unit owner and subject only to the limitations set forth in master deed and condominium bylaws. 39 Joy St. Condo. Ass’n v. Bd. of Appeal of Boston, 426 Mass. 485, 487 (1998).
The interpretation of an unambiguous agreement is an issue of law for the court, See Lumber Mut. Ins. Co. v. Zoltek Corp., 419 Mass. 704, 707 (1995). Contract language must be construed in its usual and ordinary sense. 116 Commonwealth Condo. Trust v. Aetna Cas. & Sur. Co., 433 Mass. 373, 376 (2001); Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998). A contract provision is ambiguous “only if it is susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one.” Citation Ins. Co., 426 Mass. at 381. The mere fact that parties disagree on the proper construction of contractual language, however, does not necessarily establish ambiguity. Lumbermans Mut. Cas. Co. v. Offices Unlimited, Inc., 419 Mass. 462, 466 (1995).
There is no ambiguity within the documents presented within the summary judgment record here that certain structural improvements or alterations to the units had to be approved by the Condominium Trustees. Specifically, Paragraph 8(c) of the Master Deed states that:
The Owners of any Unit may at any time and from time to time modify, remove and install walls lying wholly within such Unit, provided, however, that any and all work with respect to the modifications, removal and installation of interior walls or other improvements shall be approved by the Condominium Trustees in accordance with the provisions of the Condominium Trust and shall conform to the conditions set forth in said Condominium Trust.[3]
Id. (Emphasis added.) Additionally, Paragraph 17 of the Master Deed asserts that “(i]n the event of a dispute between the Unit Owners or the Trustee of the Condominium Trust, such dispute shall be resolved under the procedures of Article IX of the Condominium Trust.” Article IX of the Condominium Trust further instructs that in the event of a dispute between the owners of the units, the matter is to be sent to binding arbitration as set forth in the Trust.[4]
Despite these provisions, however, the defendants assert that the plaintiffs proposed changes to their unit constitutes restricted use pursuant to Paragraph 8(b) in the Master Deed. That provision states, in relevant part that:
The architectural integrity of the building shall be preserved without modification and to that end, without limiting the generality of the foregoing, no exterior change, addition, structure, projection,... on any exterior part or surface of the building, unless the same shall have been approved by the Condominium Trustees in accordance with the provisions of the Condominium Trust. . .
Id. The defendants therefore rely on Paragraph 8(b) to argue that the proposed structural changes to the attic are impermissible and that an amendment of the Master Deed is necessary to reflect the changes they seek. However, this court finds this argument unpersuasive because Paragraph 8(b) further accounts for exceptions to the use restriction for exterior structural changes by including the clause “unless the same shall have been approved by the Condominium Trustees.” Thus, when read together with other provisions included within the Master Deed and Condominium Trust, it is clear that both parties intended that the Condominium Trustees be vested with the power to approve or deny the structural changes that plaintiffs seek.
The defendants also argue that their refusal to consent to an amendment of the Master Deed or to approve of the proposed changes plaintiffs seek is not ripe for arbitration. In so doing, the defendants assert that no “dispute” exists, and therefore, Article IX of the *698 Condominium Trust is inapplicable. This argument is without merit insofar as nothing within the summary judgment record purports to define this term differently than its plain and ordinary meaning. Neither the Master Deed, the Condominium Trust declaration, or G.L.c. 183A — the statute governing condominium sales and agreements within this Commonwealth— gives a special definition to the term, “dispute.” The term “dispute” means, “to engage in an argument or debate,” “to argue against,” “to strive against; oppose,” or “to quarrel or fight about.” Here, the plaintiffs asked the defendants if they could modify the interior of the attic and make some changes to the common areas. The defendants declined to allow the plaintiffs to make said changes. The plaintiffs then requested that the defendants enter into arbitration to resolve the dispute pursuant to both the Master Deed and Condominium Trust. The defendants declined. In reading the plain language of the documents, and applying the plain and ordinary meaning of the term, the court finds that in opposing the plaintiffs’ proposed changes to their unit, the defendants absolutely put the matter in “dispute”; therefore, this issue is ripe for arbitration.
Finally, both documents instruct the parties to seek approval from the Condominium Trustees in making structural, exterior changes to units or specific changes to the common areas.In so doing, and in light of the shared 50% ownership each party had in the property, if one unit owner/trustee disagreed to such a change or addition, arbitration certainly must follow. To conclude otherwise, neither parly would be entitled to exercise their legal rights pursuant to G.L.c. 183A, the Master Deed, or Condominium Trust to make any changes to the property. Without arbitration then, these agreements and ownership interests therein would be rendered essentially meaningless. The parties must therefore enter into arbitration to resolve the issue.
ORDER
For the reasons stated above, the plaintiffs’ motion for summary judgment is ALLOWED and the defendants’ motion for summary judgment is DENIED.

Article 5.1.13 of the Condominium Trust grants the unit owners the right to:
establish, pursuant to Section 5.10 hereof, and review and approve (a) certain modifications to the building as referred to in the Master Deed; (b) the modification, removal and installation by the Unit Owner of certain interior walls within their Unit; or c) any other construction, modification or decoration, activities, with respect to a Unit, which involve or impact the Common Areas or Facilities and/or over which the Trustees may specifically have review and approval authority under the provisions of the Master Deed and this Condominium Trust.

Article IX of the Condominium Trust applies to “Resolution of Disputes." It states that:
In the event of a dispute (a) between the owners of the Units or (b) between the Trustees as to any matter involving this Trust, the Master Deed or the Condominium generally, either of the disputing parties shall:
Refer the matter to binding arbitration by sending written notice requesting arbitration to the other party, which notice shall name one arbitrator who shall be an attorney licensed to practice law in the Commonwealth of Massachusetts. Within fourteen (14) calendar days after receiving such notice, the other party shall by written notice to the requesting party name a second arbitrator who shall likewise be an attorney licensed to practice law in the Commonwealth of Massachusetts, failing which, the first arbitrator appointed shall appoint such second arbitrator. If the two arbitrators thus appointed are unable, within fourteen (14) calendar days after the date of the appointment of the second arbitrator to be appointed, to agree upon a settlement to the dispute, they shall then appoint an impartial third arbitrator within twenty (20) calendar days after.