Ricciardone, David, J.
The defendant Commerce and Industry Insurance Company (“C&I”) moves to dismiss each of the three counts brought against it in Salitsky Alloys, Inc.’s (“SAI”) complaint for failure to state a claim pursuant to Mass.R.Civ.P. 12(b)(6). For reasons that follow, the motion is ALLOWED.
FACTS
The plaintiff had a long-standing arrangement with defendant William Company d/b/a Metz Personnel (“Metz”), in which Metz leased employees to SAI; the plaintiff would pay Metz an amount equal to the individual employee’s hourly rate plus a percentage, in exchange for usage of Metz employees for open-ended terms and provision of payroll services including tax withholding and payment of workers’ compensation insurance. Complaint, ¶¶5-10.
*559 Unnamed “representative(s) of Metz assured . . . that SAI would be fully insured for any workplace injury to any Metz employee while assigned to SAI.” ¶13. This is pled as being a “major incentive for SAI usage of Metz employees.” ¶14. Metz sent SAI certificates of insurance annually that were “characterized as ‘evidence of coverage’ . . . relied upon as such by SAI.” ¶15. An example of such a certificate is attached to the complaint. The defendant Metz is listed in a box labeled “Insured” toward the top of the form, while plaintiff SAI appears toward the bottom of the form under “Certificate Holder.” Exhibit C (misnamed “A” in Complaint).
A Metz employee assigned to SAI did suffer a work-related injury during the summer of 2010 and received workers’ compensation payments from C&I. ¶¶18-19. The injured employee sued SAI claiming that the defense of exclusivity of the workers’ compensation remedy under G.L.c. 152 does not apply in this situation where the injured worker is not a direct employee of SAI. 1120-21. SAI has no coverage for this claim under its own coverage, so it tendered the claim to C&I for defense and indemnity under its Employer’s Liability coverage in the policy issued by C&I. 1122-23. This policy, at the heart of the controversy regarding this motion, is attached in full to the complaint as Exhibit E (misnamed “B” in the Complaint). C&I has denied coverage for SAI. 124.
On these facts, SAI claims in its first count breach of contract against C&I for failing to assume its defense and indemnity. 127. In its second count, SAI claims reformation of contract against C&I asserting that coverage under the policy issued in relevant part as “Alternate Employer Endorsement” rather Ilian “Massachusetts Employee Leasing Endorsement,” which would have provided coverage for SAI, was a “mutual mistake.” Alternatively, this count alleges that C&I was obligated to defend and indemnify SAI under the “Alternate Employer Endorsement” coverage issued to Metz, and also unjust enrichment byway of the premiums collected. 1130-40. Finally, the third count of the complaint claims relief under G.L. 93A for unfair trade practices for its handling of SAI’s claim for coverage and ultimate denial of same after proper notice was sent as a prerequisite to this type of claim. 1142-46.
DISCUSSION
This court looks to the plain statements of SAI’s complaint to determine if the facts pled, viewed in a light most favorable to the plaintiff, survive this motion to dismiss. “Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all of the allegations in the complaint are true ..." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), internal quotes omitted.
This court must decide issue(s) of insurance coverage fundamentally through reference to the actual policy involved; in doing so it must “look to the policy as written . . . [and] neither ‘revise it or change the order of the words.’ ” Continental Cas. Co. v. Gilbane Bldg. Co., 391 Mass. 143, 147 (1984).
Nowhere in the policy attached to the complaint here is SAI mentioned as a named insured. As to the “Alternate Employer Endorsement,” this provides coverage under the policy’s Part 1 (Workers’ Compensation Insurance) and Part 2 (Employers Liability Insurance) only where the “alternate employer” is named. (See Complaint exhibit E.) SAI contends that an exception to the naming of it as an insured “alternate employer” may be inferred, but to do this the court would have to insert into the complaint evidence of a writing in existence between the parties showing this status. This is beyond the role of the court as outlined in Iannacchino, supra.
SAI pleads that it “presumes” C&I to have intended such coverage but does not allege facts beyond this conclusion to support it in any way. ¶34. Where there is no statement of evidence in support of this intent, it necessarily follows that there is no proper pleading of a mutual mistake, at least as to C&I. It was Metz that made “consistent . . . assurances” of coverage “relied upon by SAI” (¶15, ¶36), which do not bind C&I. Additionally, these “assurances” were in the form of certificates of insurance which do not name SAI as an insured, let alone provide any actual terms of the policy. {Id., also, Complaint Exhibit A.)
For much the same reason, SAI’s contention that it has intended beneficiary status regarding the insurance policy giving it standing to sue for breach of contract is without merit. “In order to recover as a third-party beneficiary, the plaintiffs must show that they were intended beneficiaries of the contract...” Spinner v. Nutt, 417 Mass. 549, 555 (1994). That the plaintiff derives a benefit from a contract between others does not make them intended third-party beneficiaries and does not give them the right to enforce that agreement. Id. at 555-56. Plaintiffs reliance on Flattery v. Gregory, 397 Mass. 143 (1986), is misplaced, although arguably could bolster its claim against Metz. In Flattery the court decided that an injured driver could assert a claim against an insured’s agent who promised to obtain optional liability coverage but did not. This does not provide a cause of action against C&I here who is not pled as a party to such promise.
There is no ambiguity in the insurance policy involved here. The parties’ disagreement as to the policy construction does not establish ambiguity. Lumberman Mutual Casualty Co. v. Offices Unlimited, Inc., 419 Mass. 462, 466 (1995). A court may not invent ambiguity where none exists. See Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998).
This case is controlled by Home Insurance Company v. Liberty Mutual Fire Insurance Company, 444 Mass. 599 (2005), and cases cited. Home also involved injury *560 to a employee furnished by leasing company A to client company B, where B was not named as an insured in A’s workers’ compensation policy, and A could be seen as “promising more than it delivered.” Id. at 607-08. Likewise, the court in Home concluded on similar facts that there can be no 93A violation where an insurer rightfully declines to defend a claim not covered by its policy. Id.
Having reached the conclusion that SAI is not a named insured in the policy, and that the complaint otherwise fails properly to plead coverage, this court declines to consider the applicability of HDH Corp. v. Atlantic Charter Ins. Co., 425 Mass. 433 (1997) (no duiy to defend absent an employee opting out of the workers’ compensation statute).
ORDER
For the reasons stated above, the defendant C&I’s motion to dismiss is ALLOWED, and Counts I, II, and III of the complaint are DISMISSED.